[Civ. No. 24529. Second Dist., Div. One. Sept. 23, 1960.]

ERNEST C. SIMPSON et al., Appellants, v. ROBERT C. SALSBURY et al., Respondents.

Musick, Peeler & Garrett, David P. Evans, Bruce E. Clark and Charles F. Forbes for Appellants.

McClean, Salisbury, Greenwald & McClean, Guy P. Greenwald, Jr., Culver & Barrow and Carl W. Barrow for Respondents.

Stanley Mosk, Attorney General, and Lee B. Stanton, Deputy Attorney General, as Amici Curiae on behalf of the Commissioner of Corporations.

SCOTT (Robert H.), J. pro tem.*—This is an appeal from a judgment of the Superior Court relating to election of a board of directors of Consolidated Produce Company, Ltd.,

*Assigned by Chairman of Judicial Council.

a California corporation, in an action brought pursuant to section 2236, Corporations Code.

In July of 1947 the corporation had 9,180 shares of its stock outstanding. The beneficial owners and holders of 4,984 of these shares deposited them in trust with a depositary bank and executed a trust agreement naming three trustees to vote the stock for ten years. Each owner in turn received a voting trust certificate covering the number of shares so deposited.

In March, 1953, an amendment to the trust agreement was approved by beneficial owners of 4,616 of these shares extending the term of the trust agreement to the year 1967. Plaintiffs Forbes and White, each owning 184 shares, refused to agree to the amendment.

A meeting of the shareholders of the corporation was called for March 21, 1959, for the purpose of electing nine members of a board of directors for the ensuing year. At that meeting the three trustees, over objection of Forbes and White, voted the 4,984 shares. Nine directors were elected, including three persons named as plaintiffs in this action (Pieper, Smith and Simpson), five persons named as defendants (Boekenoogen, Culver, W. B. Witmer, W. S. Witmer, and Salisbury [erroneously spelled Salsbury]), and one Fennimore who resigned and by vote of the other directors was replaced by Carl W. Barrow. The votes of Forbes and White were cast for Pieper, Smith, Simpson and Forbes, but were disallowed and not counted.

The complaint in this case was filed on May 28, 1959, alleging among other matters that the voting trust was invalid because the voting trustees had failed to obtain a permit to issue voting trust certificates as required by the Corporations Code of the State of California. Plaintiffs asked that the court declare the voting trust to be void or terminated prior to the March 21, 1959 meeting, that the purported election of directors was invalid, that the appointment of Barrow as director was null and void and that a new election be called.

The case was tried on stipulated facts and, on August 4, 1959, judgment was rendered holding that the election of March 21, 1959, was invalid, that the appointment of Barrow as director was null and void, that a meeting of the shareholders of the corporation be held for the purpose of electing a board of directors not less than ten nor more than thirty days after entry of judgment and at that time the votes of Forbes and White should be recognized. The judgment contained no determination as to whether the voting trust was

or was not void and to that extent was not responsive to that issue raised by plaintiffs' complaint. The notice of appeal is by plaintiffs and states that it is "from the whole of said judgment," although every issue which was decided by the judgment was in conformity with plaintiffs' prayer.

On this appeal, plaintiffs, as appellants, assail the judgment as having decided the question of the validity of the voting trust agreement and certificates contrary to their contentions, whereas it is merely silent on that issue.

From the record before us we are unable to ascertain whether the trial court entertained a view of the law which would have required judicial disagreement with the plaintiffs' contentions. We note that the sole ground upon which plaintiffs based their motion for a new trial was "that the decision and judgment are against law," and no further light is afforded us as to whether this was intended to and did convey to the court any protest of plaintiffs that the judgment was incomplete and not responsive to this further issue.

The record on appeal contains an affidavit by defendant Boekenoogen which states that on August 22, 1959, there was a meeting of shareholders of the corporation at which he was elected as a member of the board of directors and as president of the corporation; that all plaintiffs (except one) attended; that nine members of the board of directors were elected, including plaintiffs Simpson, Pieper and Smith, who were among those attending the organizational meeting of the board held immediately following the stockholders meeting and who received pay for such attendance. This recitation affords no sure support for plaintiffs' implied contention that the trial court, by not including in the judgment a decision on the validity of the trust agreement and certificates, had decided this issue against them.

■■■ Plaintiffs are justifiably aggrieved by the omission from the judgment of a judicial declaration on the matter, and are entitled to have the case remanded to the trial court for the sole purpose of expanding the judgment to include an evaluation of the trust agreement and certificates as prayed for by plaintiffs, and not to change in other respects the judgment as it now stands.

The controversy on this matter has been covered by a vigorous exposition of the conflicting views of the parties in their respective briefs. At the request of this court, the attorney general, as amicus curiae on behalf of the Corporations

Commissioner of the state, has filed a brief in this case which can assist the trial court in its determination.

The case is reversed and remanded to the trial court for further proceedings consistent with the views hereinabove expressed.

Wood, P. J., and Lillie, J., concurred.